# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **BEVERLY MULVILLE,** *Plaintiff,* v. **ALIAKSANDR NAVUMENKA** and **SOVINA LLC,** *Defendants.* | CIVIL ACTION NO. 3:25-cv-00115-TES |

## ORDER REMANDING CASE

Plaintiff Beverly Mulville initiated this action on April 18, 2025, by filing a complaint in the Superior Court of Franklin County, Georgia, asserting claims for negligence arising out of an April 2023 motor vehicle collision. *See* [Doc. 1-2]. Plaintiff seeks damages including medical expenses and lost income, but her complaint does not specify the precise amount of damages she seeks. [*Id.* at p. 6].

Following Plaintiff's admissions that she "seek[s] to recover more than $75,000 in this action" and "is willing to settle her claim for $150,000," *see* [Doc. 4-1, ¶¶ 2–3]; [Doc. 4-4], Defendants Aliaksandr Navumenka and Sovina LLC removed this case to federal court on July 21, 2025, invoking diversity jurisdiction under 28 U.S.C. § 1332 as the basis for removal. [Doc. 1, ¶ 7]. After reviewing the Notice of Removal, the Court found that it lacked sufficient factual allegations to establish that the amount in controversy

exceeds $75,000 and ordered Defendants to show cause why this case should not be remanded for lack of subject matter jurisdiction. [Doc. 3]; *see* [Doc. 1]; 28 U.S.C. § 1332(a).

Having considered Defendants' response to that order, the Court **REMANDS** this case to the Superior Court of Franklin County, Georgia.

## LEGAL STANDARD

A defendant may remove a civil action from state court to a federal court that would have original subject-matter jurisdiction over the case. 28 U.S.C. § 1441. District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1) (cleaned up).

When a case is removed to federal court, the district court—in order to proceed—must first determine whether it has original jurisdiction over those removed claims. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly" and to resolve all doubts about jurisdiction in favor of remand. *Univ of S. Ala.*, 168 F.3d at 411.

In diversity cases, the removing party must establish both complete diversity of citizenship and that the amount in controversy exceeds $75,000. *Id.*; 28 U.S.C. § 1332(a); *see Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). Where, as here, the

complaint does not allege a specific amount of damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). While a removing defendant may make reasonable deductions, inferences, and extrapolations, they must make specific allegations that can be supported with evidence to meet their burden. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (cleaned up); *see Williams*, 269 F.3d at 1319–20; *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936) (a party invoking federal jurisdiction must allege facts essential to show jurisdiction and a court may demand evidence supporting such facts); *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014).

The Court must evaluate jurisdiction based on "how much is in controversy at the time of removal, not later." *Pretka*, 608 F.3d at 751. A plaintiff's evaluation of the value of their claims is not dispositive, but courts should not ignore it. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010). Instead, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062. "[T]he existence of jurisdiction should not be divined by looking to the stars." *Lowery*, 483 F.3d at 1215.

## ANALYSIS

Here, Defendants have not met their burden to establish, by a preponderance of

the evidence, that the amount in controversy exceeds $75,000. *See* [Doc. 1]; [Doc. 4].

As explained above, the original complaint is silent as to the specific amount of Plaintiff's damages. *See* [Doc. 1-1]. The only quantified damages described in the record are approximately $35,000 in medical expenses. *See* [Doc. 4, ¶ 4]; [Doc. 4-2, ¶ 9]. That amount, standing alone, falls well below the jurisdictional threshold. 28 U.S.C. § 1332(a)(1). Although Plaintiff claims pain and suffering and other general damages, Defendants offer no evidence to quantify those losses, and without more, the Court cannot simply speculate as to damages. *See Lowery*, 483 F.3d at 1208; *see also Head v. Wal-Mart Stores, Inc.*, No. 7:13-CV-82 HL, 2013 WL 4763736, at *3 (M.D. Ga. Sept. 4, 2013); *Ballard v. Nutt*, No. CV 625-045, 2025 WL 1823969, at *2 (S.D. Ga. July 2, 2025).

Defendants try to bridge the gap by pointing to Plaintiff's discovery admissions and settlement demand. Plaintiff admitted in response to requests for admission that "the amount in controversy in this action exceeds $75,000," and she offered to settle her claims for $150,000. [Doc. 4, ¶¶ 2–5]; *see* [Doc. 4-1]; [Doc. 4-2]; [Doc. 4-3]. But as the Eleventh Circuit has explained, the Court "is not bound by [Plaintiff's] representations regarding [her] claim, nor must it assume that [Plaintiff] is in the best position to evaluate the amount of damages sought." *Roe*, 613 F.3d at 1061. The Court does not assume that, and it gives little weight to Plaintiff's evaluation of the value of her claims. *See Roe*, 613 F.3d at 1064.

Moreover, federal courts in Georgia have routinely found that medical expenses

around $35,000—absent specific evidence or allegations supporting higher general damages—are insufficient to meet a removing party's burden. *See e.g.*, *Head*, 2013 WL 4763736, at *3.[1] The same is true here.

Accordingly, because Defendants have not met their burden of establishing that the amount in controversy in this case exceeds the jurisdiction threshold, the Court **REMANDS** this case to the Superior Court of Franklin County, Georgia, and **DIRECTS** the Clerk of Court to close this case.

**SO ORDERED**, this 4th day of August, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] *See also Spence v. Family Dollar Stores of Georgia*, No. 1:21-cv-1154-MLB, 2021 WL 2660145, at *1 (N.D. Ga. June 29, 2021) (finding no jurisdiction in case with $22,000 in past medical expenses and unquantified requests for damages for pain and suffering, loss of ability to enjoy life, lost wages, and loss of earning capacity); *Pooser v. Wal-Mart Stores East, L.P.*, CV 124-114, 2024 WL 4536301 (S.D. Ga. Sept. 16, 2024), *report and recommendation adopted*, 2024 WL 4535462 (S.D. Ga. Oct. 21, 2024) (collecting cases).